UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FERNANI NARVASA, | No. 2:15-cv-02369-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| U.S. BANCORP, | |
| Defendant. | |

On July 28, 2016, this court concluded the National Bank Act preempted the following four claims in Ms. Fernani Narvasa's complaint against defendants U.S. Bancorp: (1) violation of section 2923.6(f)(3); (2) violation of section 2923.7; (3) violation of the California Unfair Competition Law; and (4) state law negligence. Order, ECF No. 16. The court's order left one claim standing, namely Ms. Narvasa's claim for breach of the implied covenant of good faith and fair dealing. *Id.* at 11. The court asked Ms. Narvasa to show cause why this claim should not be dismissed for the same reasons the court dismissed Mr. Narvasa's other claims. *Id.*

On August 15, 2016, Ms. Narvasa responded to the court's order to show cause. ECF No. 19. In short, Ms. Narvasa contends the case of *Gebhard v. Bank of Am., N.A.*, No. 09–03159, 2010 WL 580995, at *3 (E.D. Cal. Feb. 11, 2010) is controlling, and *Martinez v. Wells*

1

*Fargo Home Mortg., Inc.*, 598 F.3d 549, 555 (9th Cir. 2010) is distinguishable. *Id.* at 7–11. The court disagrees as explained below, and accordingly dismisses the remaining claim without leave to amend.

As the court explained in its order dismissing the four other claims, the Ninth Circuit has held a plaintiff's claims are preempted to the extent they hinder a bank's ability to "make real estate loans . . . without regard to state law limitations concerning . . . [d]isclosure and advertising, including laws requiring specific statements, information, or other content to be included in [credit-related documents]." Order at 9 (citing *Martinez*, 598 F.3d at 557 (analyzing 12 C.F.R. § 34.4(a)(9))).

Here, and as with Ms. Narvasa's other claims, the conduct giving rise to her remaining breach of the implied covenant of good faith and fair dealing claim is Bancorp's alleged refusal to provide Ms. Narvasa with an NPV calculations statement. Compl. ¶ 28, ECF No. 1. As the court held in its prior order, and as applicable here, "Ms. Narvasa's case in this respect is analogous to *Martinez* in that she seeks to hold Bancorp liable for failing to provide a statement related to a method used to assess whether modifying her loan was a sound economic investment, much like the *Martinez* plaintiffs' attempt to hold the bank liable for failing to disclose a statement related to its underwriting process." Order at 9.

Ms. Narvasa's argument that her claim is analogous to *Gebhard* is of no avail. In *Gebhard*, the court allowed the plaintiff's breach of the implied covenant of good faith and fair dealing claim to proceed because that claim did not "rest solely on allegations of non-disclosure." *Gebhard*, 2010 WL 580995, at *4. Here, on the other hand, Ms. Narvasa's claim rests primarily, if not solely, on the allegation that Bancorp refused to disclose its NPV calculations statement. Accordingly, Ms. Narvasa's claim is more analogous to the plaintiff's claim in *Martinez* because it conflicts with 12 C.F.R.§ 34.4(a)(9), which, as recounted above, authorizes a national bank to make real estate loans without regard to "laws requiring specific statements, information, or other content to be included in [credit-related documents]." *Martinez*, 598 F.3d at 557. Ms. Narvasa's claim is preempted.

/////

1  In conclusion, Ms. Narvasa's claim for breach of the implied covenant of good
2  faith and fair dealing is dismissed without leave to amend.  With no other claims outstanding, this
3  case is CLOSED.
4  This resolves ECF No. 19.
5  IT IS SO ORDERED.
6  DATED:  January 12, 2017.

_____
UNITED STATES DISTRICT JUDGE